NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3030

ALBERT HARRIS, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 5, 2005

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and SCHALL, <u>Circuit Judge</u>.

PER CURIAM.

Albert Harris seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed.  We <u>affirm</u>.

On April 16, 2003, Mr. Harris filed an individual right of action ("IRA") appeal with the Board.  Mr. Harris previously had sought corrective action from the Office of Special Counsel ("OSC") on the basis of allegations that the United States Air Force ("agency") demoted him during a reduction-in-force in retaliation for protected disclosures he had made.  By letter dated August 2, 1999, OSC informed Mr. Harris it was terminating its investigation into his allegations without taking further action.  The letter also notified Mr. Harris of his right to appeal his case to the Board pursuant to 5 U.S.C. §§ 1214(a)(3)

and 1221 and that such an appeal must be filed within 65 days of the date of the letter, see 5 C.F.R. § 1209.5(a)(1). As noted, Mr. Harris filed an appeal with the Board in the present case in April 2003, more than three years beyond the statutory deadline.

In May 2003, the administrative judge ("AJ") assigned to the case ordered Mr. Harris to submit evidence that his appeal was timely. Mr. Harris filed a response in which he argued the merits of his case but failed to address the timeliness issue. In an August 2003 initial decision, the AJ dismissed the appeal as untimely.[1] Mr. Harris then filed a petition for review with the full Board. Subsequently, after the agency filed its response, Mr. Harris made an "additional submission" which included a copy of a letter that Mr. Harris contended was a timely appeal to the Board. The letter, dated September 22, 1999, and showing a date stamp of unstated origin of September 27, 1999, was addressed to members of the Board and stated that Mr. Harris was seeking corrective action under 5 U.S.C. §§ 1214(a)(3) and 1221. In August 2004, the Board concluded that Mr. Harris had submitted no new, previously unavailable, evidence and denied the petition for review.[2] The AJ's initial decision became the final decision of the Board.

In his appeal before this court, Mr. Harris argues that the September 1999 letter shows he filed a timely IRA appeal with the Board. He states that he did not have a copy of this letter until he received a copy of his OSC file pursuant to a Freedom of Information Act request after he had mistakenly destroyed his own files. Nevertheless, he fails to explain why he made no mention of an appeal allegedly filed in September 1999 either in his response to the AJ's May 2003 timeliness order or in his petition for

---

[1] Harris v. Merit Sys. Prot. Bd., No. CH-1221-03-0489-W-1 (Aug. 7, 2003).
[2] Harris v. Merit Sys. Prot. Bd., No. CH-1221-03-0489-W-1 (Aug. 12, 2004).

review of the AJ's initial decision. Even if the document is considered, however, it does not support Mr. Harris's belated contention that he filed an appeal with the Board in September 1999. The date stamp appearing on the letter is not that of the Clerk of the Board or any other Board office, and Mr. Harris has offered no proof that the letter was actually sent to or received by the Board. Furthermore, he fails to explain why a copy of the letter allegedly sent to the Board would be in his OSC file, while the Board has no record of an appeal being filed by Mr. Harris in September 1999.

We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Based on our review of the record, we must conclude that the Board's finding that Mr. Harris first filed an appeal with the Board on April 16, 2003, is supported by substantial evidence. Mr. Harris did not meet his burden of proving his IRA appeal was timely filed, and accordingly we affirm the Board's dismissal of his appeal.